UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JAMES EDGAR PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:14-cv-0136-SEB-TAB |
| ) | |
| JOSH CADY, ) | |
| ) | |
| Defendant. ) | |

**Order Granting Motion for Summary Judgment**

Plaintiff James Edgar Pugh, an inmate at the Correctional Industrial Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendant violated his constitutional rights under the Fourth Amendment, made applicable to the states through the Fourteenth Amendment, when the defendant entered Mr. Pugh's apartment and arrested him without a warrant. The defendant moves for summary judgment. Mr. Pugh has filed a response in opposition. For the reasons set forth below, the defendant's motion for summary judgment is **granted**.

**I. Factual Background**

**Statement of Material Facts Not in Dispute**

No segment of Mr. Pugh's response memorandum [Filing No. 25] is designated as a statement of disputed facts. Local Rule 56-1 provides that a party opposing summary judgment must file a response brief and "any material that the party contends raise a genuine dispute." L.R. 56-1(b). Mr. Pugh did not comply with the rules, rather he simply makes a legal argument, which does not directly address the statement of material facts proposed by the defendant.

By failing to dispute any of the defendant's facts or evidence, the Court must take the facts in the defendant's statement as admitted. L.R. 56.1; *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918,

922 (7th Cir. 1994) (noting the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts."). As submitted by the defendant, and supported by appropriate citations to the record, the undisputed facts are as follows:

On September 12, 2014, at approximately 10:00 p.m., defendant Dillsboro Police Officer Josh Cady and Dearborn County Deputy Jacob Bunner arrived at 10225 Maple Glen Drive, Apartment 1, Dillsboro, Indiana, to serve a bench warrant to arrest plaintiff Edgar Pugh. [Filing No. 22-1]. The warrant was for class A felony dealing in a schedule III controlled substance and class D felony neglect of a dependent. The bench warrant commanded the arrest of Mr. Pugh. [Filing No. 22-2].

When Officer Cady arrived at 10225 Maple Glen Drive the lights in the living room were on, but when he began knocking on the door, the lights turned off. At the same time, a box fan was removed from a window. Officer Cady also received information from another tenant that "swore on her life" that Mr. Pugh was home. [Filing No. 22-3, at ECF p. 3].

While Officer Cady knocked on the door, Deputy Bunner stood outside the residence and watched the bedroom windows and sliding glass door. Officer Cady made verbal communication advising he was a police officer and was serving a warrant. He then entered the residence, and made more verbal commands, stating he was a police officer, advising to "come out with your hands up." [Filing No. 23-1]. Officer Cady cleared the living room and kitchen. He then stood by the bedroom door, which was partially open. He gave further verbal commands to which Mr. Pugh replied, "I'm here. I'm coming out." Mr. Pugh was taken into custody and transported to the Dearborn County Jail. [Filing No. 22-3, at ECF p. 3].

Officer Cady was not involved in obtaining the bench warrant from the Dearborn County Court. His role was limited to serving the warrant and taking Mr. Pugh into custody. [Filing No. 22-1].

Mr. Pugh pled guilty to class A felony dealing in schedule III controlled substance within 1000 feet of a housing complex. He was sentenced to 30 years in prison. [Filing No. 22-4].

## II. Legal Analysis

### Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed.R.Civ.P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

### Discussion

Mr. Pugh does not challenge the validity of the arrest warrant. Rather, he argues that the arrest warrant did not permit Officer Cady to enter his home to effectuate the arrest absent a search warrant. [Filing No. 25].

"The Fourth Amendment protects an individual's privacy in a variety of settings. In none is the zone of privacy more clearly defined than when bounded by the unambiguous physical dimensions of an individual's home." *Peyton v New York*, 445 U.S. 573, 589 (1980). There are a limited number of ways for law enforcement to justify lawful entry to the house. First is a search warrant. Officer Cady does not claim to have had a search warrant when he arrested Mr. Pugh.

Next, is an arrest warrant. An arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within. *Id*. at 602-03.

Here, Mr. Pugh does not challenge the validity of the arrest warrant. Officer Cady had an arrest warrant and reason to believe Mr. Pugh was at the 10225 Maple Glen Drive, Apartment 1, location. Pursuant to the arrest warrant, Officer Cady entered Mr. Pugh's home and arrested him. Because Officer Cady entered Mr. Pugh's home with an arrest warrant and arrested him pursuant to that warrant, the Court finds no constitutional deprivation. The defendant's motion for summary judgment [dkt. 22] is **granted**.

### III. Conclusion

The defendant's motion for summary judgment [dkt. 22] is **granted.** Judgment shall now issue.

**IT IS SO ORDERED.**

Date: _2/29/2016_

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

James Edgar Pugh, #254394
Pendleton
Correctional Industrial Facility
Inmate Mail/Parcels
5124 West Reformatory Road
Pendleton, IN 46064

Electronically registered counsel